Filed 3/22/23  P. v. Oliveira CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICKENSEY OLIVEIRA,<br><br>Defendant and Appellant. | F083540<br><br>(Super. Ct. No. MCR058372)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, Heather A. Gimle and Carly Orozco, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

More than three years after the sentencing in this Madera County case, which involved resentencing in other cases, defendant Mickensey Oliveira filed a nonstatutory motion through counsel requesting correction of the consecutive term imposed in her San Bernardino County case, on the ground that it should have been a concurrent term pursuant to the relevant plea agreement. The trial court denied defendant's motion without prejudice, and she appeals from that order, relying on the unauthorized sentence doctrine as the jurisdictional basis for her motion and appeal. The claims she raises in this appeal, however, are unrelated to the relief she sought in the underlying motion.

As explained herein, the trial court lacked fundamental jurisdiction to consider defendant's motion, brought years after judgment became final, and that jurisdictional defect is not curable by reliance on the unauthorized sentence doctrine. (*In re G.C.* (2020) 8 Cal.5th 1119, 1129–1130 (*G.C.*); *People v. King* (2022) 77 Cal.App.5th 629, 641–642 (*King*).) Furthermore, we decline to construe defendant's appeal as a petition for writ of habeas corpus, as requested in her reply brief. This appeal is dismissed for lack of jurisdiction.

## PROCEDURAL SUMMARY

### I.    Summary of Defendant's Four Cases

In 2014, defendant was sentenced in two separate cases in Stanislaus County, following convictions by plea.[1] In the first case, defendant was sentenced to the lower term of two years for driving under the influence of alcohol (DUI), in violation of Vehicle Code section 23153, subdivision (b).[2] Defendant's sentence was enhanced by two 3-year terms for personal infliction of great bodily injury (GBI) under Penal Code

---

[1]    Stanislaus Superior Court cases Nos. 1439342 and 1442399.

[2]    The record is limited to abstracts of judgment from defendant's prior cases, but the probation report indicates she had two prior convictions for violating Vehicle Code section 23152, subdivision (b), suggesting she was sentenced under the triad in Vehicle Code section 23566, subdivision (a).

2.

section 12022.7,[3] and one year for serving a prior prison term under section 667.5, former subdivision (b), for an aggregate prison term of nine years.[4]  In the second case, defendant was sentenced to the middle term of three years for assault, in violation of section 245, subdivision (a)(1), to run concurrently with her nine-year sentence in the first case.[5]

In 2015, while serving the aforementioned prison term, defendant entered a plea in San Bernardino County to possession of a controlled substance in prison, in violation of section 4573.6.[6]  The abstract of judgment reflects imposition of the upper term of four years, but includes no reference to the Stanislaus County cases or "Three Strikes" law sentencing (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and the box indicating a concurrent or a consecutive term is unmarked.

In 2017, defendant was charged in Madera County with battery upon a nonconfined person, in violation of section 4501.5, and attempted battery by gassing upon a peace officer, in violation of section 4501.1, subdivision (a).[7]  The complaint alleged a prior serious or violent felony conviction based on defendant's conviction for DUI with a GBI enhancement in the first Stanislaus County case, and a prior prison term

---

[3]    All further statutory references are to the Penal Code unless otherwise specified.

[4]    By virtue of the enhancements for personal infliction of GBI, defendant's DUI conviction qualifies as a serious and a violent felony under the Three Strikes law.  (§§ 667, subd. (d)(1), 1192.7, subd. (c)(8), 667.5, subd. (c)(8).)

[5]    The abstract of judgment reflects a conviction for assault likely to produce GBI, in violation of section 245, subdivision (a)(1).  Effective January 1, 2012, subdivision (a)(1) of section 245 proscribes "an assault upon the person of another with a deadly weapon or instrument other than a firearm …."  Subdivision (a)(4) of section 245 proscribes "an assault upon the person of another by any means of force likely to produce great bodily injury …."  The sentencing triad is the same under both subdivisions and it is not clear whether the error in the abstract lies with the subdivision number or the description of the offense.

[6]    San Bernardino Superior Court case No. FWV1503561.

[7]    Madera Superior Court case No. MCR058372.

3.

enhancement based on a 2007 conviction from Santa Clara County. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d), 667.5, former subd. (b).)

Pursuant to a plea agreement, the prosecutor amended the complaint to allege a third count for misdemeanor resisting an executive officer, in violation of section 69. Defendant pleaded guilty to count 2, attempted battery by gassing upon a peace officer, and count 3, resisting an executive officer, and she admitted the prior strike conviction. The remaining allegations were dismissed.

Defendant was sentenced on April 17, 2018. The trial court imposed a consecutive term of one year in prison for attempted battery[8] and, relevant to one of the issues raised in this appeal, imposed a $750 presentence report fee.[9] The court reimposed the same terms in defendant's three prior cases, resulting in a total prison sentence of 14 years. The record does not indicate defendant appealed.

On September 5, 2018, the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter notifying it of a possible error in the abstract of judgment, and requesting the court review the matter and determine if a correction was necessary. (§ 1172.1, subd. (a)(1) [formerly §§ 1170.03, subd. (a)(1), 1170, subds. (a)(1) & (d)].) The letter did not specify the nature of the possible error. The trial court held a hearing and, with the parties in agreement, found no error requiring correction. The trial court notified CDCR of its determination on November 30, 2018.

---

[8] One-third of the middle term of 18-months for attempted battery by gassing upon a peace officer, doubled for the prior strike conviction. (§§ 664, subd. (a), 4501.1, subd. (a), 1170.1, subd. (a).)

[9] It is unclear whether the court misspoke or there is an error in the transcript, but the record reflects the court imposed this fee under section 2900.5, subdivision (b), which pertains to custody credits. As correctly reflected in the probation report, former section 1203.1b, subdivision (a), governed presentence report fees, prior to its repeal. The fee was not included in the abstract of judgment.

## II.     Nonstatutory Motion to Correct Sentence

On September 7, 2021, defendant, through counsel, filed a nonstatutory motion seeking correction of her sentence.  At a hearing held two days later, defendant's counsel stated that the abstract of judgment from the San Bernardino case was incorrect. Apparently based on a photograph of the plea form, counsel stated that the San Bernardino Superior Court had imposed a concurrent four-year term, but neglected to ensure the box was checked on the abstract of judgment.  As a result, defendant's total sentence should have been 10 years rather than 14 years, and counsel requested the probation department look into the matter.

The prosecutor questioned jurisdiction and asked if the matter had been referred by CDCR.  Defendant interjected that she had a copy of a letter from legal processing, in reference to the 2018 CDCR letter.  Defendant's counsel stated he had that letter, but noted it was not clear with respect to what CDCR had asked the court to review.  The court agreed to refer the matter to probation, but notified counsel that it could not rely on partial documentation and needed information on what action the San Bernardino Superior Court took.

At the next hearing, defendant's counsel informed the court he had requested a certified copy of the plea form in the San Bernardino Superior Court case.  However, he asked the court rule on the matter at present because, if the trial court imposed a concurrent sentence in the San Bernardino Superior Court case, defendant was serving time beyond her release date.  The court declined to do so.

At the third hearing, defendant's counsel requested a continuance because he was still awaiting documents from San Bernardino Superior Court.  He explained to the court that defendant had entered a plea in the San Bernardino Superior Court case for a concurrent sentence, but that was not clear from the abstract of judgment.

At the fourth and final hearing held on September 30, 2021, defendant's counsel submitted the plea form and a minute order obtained from the court in San Bernardino

County.  Counsel did not have a transcript of the proceedings, however.  The prosecutor agreed that the documents appeared to show a plea agreement for a concurrent sentence, but argued that imposition of a concurrent term was unauthorized under the law.

The trial court concluded that the plea form was not sufficient to resolve the claim of error raised by defendant and denied her motion without prejudice.  Defendant's counsel stated he would file a notice of appeal, which is now before us, but he recommended that defendant file a petition for writ of habeas corpus in San Bernardino County.

### III.    Issues Raised by Appeal

As a threshold matter, defendant claims that because the sentence the trial court imposed in 2018 was unauthorized, the trial court has jurisdiction to correct it at any time.  Therefore, the trial court had jurisdiction to consider her nonstatutory motion for correction filed in 2021, and this court has jurisdiction over her timely appeal of the order denying the motion.  If we find her jurisdiction argument meritorious, defendant advances two claims unrelated to her motion in the trial court.  First, she argues that pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.), which added former section 1171.1, now section 1172.75, the one-year prior prison term enhancement imposed in defendant's first Stanislaus Superior Court case must be stricken, her sentence vacated, and this matter remanded for a full resentencing and credit recalculation.  Second, she claims that pursuant to section 1465.9, effective June 30, 2022, any remaining balance of the $750 presentence report unpaid as of July 1, 2021, must be vacated.

The People take the position that the trial court lacked jurisdiction to modify defendant's sentence in 2021 and her appeal of the order denying her motion must be dismissed.  Regarding her claims for relief, the People contend defendant is limited to seeking relief from the prior prison term enhancement via the petition process provided for by the Legislature when it enacted Senate Bill No. 483, and when the trial court

recalls defendant's sentence and resentences her pursuant to section 1172.75, she will be entitled to have the report fee vacated.

In reply, defendant maintains that the trial court had jurisdiction to correct her unauthorized sentence and, alternatively, she contends we may treat her appeal as a habeas petition. She also maintains entitlement to have the enhancement stricken and to remand for a full resentencing.

We conclude that the trial court lacked fundamental jurisdiction to consider defendant's nonstatutory motion requesting correction of her sentence, filed more than three years after judgment became final. As explained herein, we decline defendant's request to construe her appeal as a petition for writ of habeas corpus and we dismiss her appeal for lack of jurisdiction.

## DISCUSSION

### I. Trial Court Acted in Absence of Fundamental Jurisdiction

#### A. Legal Principles

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) "Fundamental jurisdiction is, at its core, authority over both the subject matter and the parties. [Citations.] When a court lacks fundamental jurisdiction, its ruling is void." (*People v. Chavez* (2018) 4 Cal.5th 771, 780.) "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have [fundamental] jurisdiction to vacate or modify the sentence.'" (*King, supra*, 77 Cal.App.5th at p. 634, quoting *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).) Thus, in the absence of jurisdiction, a trial court's order denying such a motion to vacate or modify the sentence "'is nonappealable, and any appeal from such an order must be dismissed.'" (*King, supra*, at p. 634, quoting *Torres, supra*, at p. 1084.)

"There are important exceptions to this rule. Section [1172.1], subdivision (a)[1] gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials. (*Torres, supra*, 44 Cal.App.5th at p. 1085, citing former § 1170, subd. (d)(1).) The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. (See, e.g., §§ 1170.95, 1170.126, 1170.18.) If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus. (See, e.g*., In re Harris* (1993) 5 Cal.4th 813, 823, 838–839 [writ of habeas corpus available to review claim that a sentence imposed is illegal or longer than that permitted by law].)" (*King, supra*, 77 Cal.App.5th at p. 637.)

## B. Analysis

Both parties cite *Turrin* for the proposition that "an unauthorized sentence may be corrected at any time," and defendant relies on this doctrine as the jurisdictional basis for her nonstatutory motion to correct her sentence. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.) Notwithstanding their citation to *Turrin* for this point, the People contend the trial court lacked jurisdiction. In opening briefs, neither party discusses or cites the more recent decisions by the California Supreme Court in *G.C.* and the Court of Appeal in *King*, both of which predated briefing in this case. However, in her reply brief, defendant acknowledges *King* and its similarity to this case, but argues that it was wrongly decided and that it applied *G.C.* too broadly. We disagree.

In *G.C.*, a minor admitted to committing three "wobbler[]" offenses. (*G.C., supra*, 8 Cal.5th at p. 1123.) The juvenile court found the allegations true, but failed to discharge its mandatory duty to "'declare the offense to be a misdemeanor or felony.'" (*Id.* at p. 1122, quoting Welf. & Inst. Code, § 702.) The minor did not appeal from that

8.

dispositional order, but she later sought to raise the issue in a timely appeal of probation and search conditions, imposed during the course of a dispositional hearing held approximately nine months later. (*G.C., supra*, at p. 1124.) A divided panel of the Court of Appeal concluded that an appeal of the juvenile court's earlier failure to comply with Welfare and Institutions Code section 702 was untimely and it rejected the minor's reliance on the unauthorized sentence doctrine. (*G.C., supra*, at p. 1124.)

As defendant contends, the California Supreme Court was tasked with deciding whether the minor could challenge, in a later appeal, the juvenile court's earlier failure to comply with Welfare and Institutions Code section 702, which is an entirely different underlying legal proceeding than is at issue in this case. (*G.C.*, *supra*, 8 Cal.5th at p. 1122.) However, defendant's focus on the nature of the underlying proceeding overlooks the court's broader reasoning concerning the need for fundamental jurisdiction. (*Id.* at p. 1130.)

The minor in *G.C.* relied, in relevant part, on the unauthorized sentence doctrine to supply the jurisdictional basis for her appeal of the juvenile court's earlier order, which had not been timely appealed. (*G.C., supra*, 8 Cal.5th at p. 1129.) The Court of Appeal rejected the argument, concluding, "'The "unauthorized sentence" rule generally permits … defendant[s] to "challenge an unauthorized sentence on appeal *even if they failed to object below* ….*"* [Citations.] That rule is an exception to the *waiver doctrine* [citation], not to the *jurisdictional* requirement of a timely notice of appeal.'" (*Ibid.*)

The California Supreme Court agreed with this reasoning and explained, "An unauthorized sentence "'do[es] not become irremediable when a judgment of conviction becomes final, even after affirmance on appeal.'" (*G.C., supra*, 8 Cal.5th at p. 1130, quoting *In re Harris* (1993) 5 Cal.4th 813, 840, disapproved on another ground in *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 854–855 & fn. 5, italics omitted.) "*But to invoke this rule the court must have jurisdiction over the judgement*," and "[t]he

9.

unauthorized sentence doctrine will not serve to remedy this defect." (*G.C., supra*, at p. 1130, italics added.)

Subsequently, in *King*, the defendant filed a nonstatutory motion to vacate his unauthorized sentence, more than 30 years after he was sentenced. (*King, supra*, 77 Cal.App.5th at pp. 633–634.) As in *G.C.* and in this case, the defendant relied on "the 'venerable notion' that an unauthorized sentence may be corrected 'at any time.'" (*King, supra*, at p. 634, quoting *People v. Scott* (1994) 9 Cal.4th 331, 354.) The Court of Appeal in *King* pointed out that most cases citing to that doctrine "assume that a court always has *jurisdiction* to correct an unlawful sentence, no matter when or how the issue arises." (*King, supra*, at pp. 634–635 [citing, among other cases, *People v. Picklesimer* (2010) 48 Cal.4th 330, 338, *Torres, supra*, 44 Cal.App.5th at p. 1085, *People v. Jinkins* (2020) 58 Cal.App.5th 707, 712 & *People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1089–1090].) *King* concluded that in *G.C.*, "[the California] Supreme Court rejected this assumption." (*King, supra*, at p. 635.) "[T]he unauthorized sentence doctrine is a principle of waiver rather than jurisdiction" (*id.* at p. 637), and "does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence" (*ibid.*).

The appellate court also observed that "a freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action. (*In re Cook* (2019) 7 Cal.5th 439, 451.) Thus, a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." (*King, supra*, 77 Cal.App.5th at p. 640.)

Although defendant argues *King* was wrongly decided and applied *G.C.* too broadly, defendant fails to explain how that is so. In *G.C.*, the California Supreme Court clarified the distinction between the requirement that a court have fundamental

jurisdiction to act and the unauthorized sentence doctrine, which presents an exception to the waiver doctrine and is not a source of independent jurisdiction where none otherwise exists. (*G.C., supra*, 8 Cal.5th at pp. 1129–1130.) These principles are squarely at issue in this case, and we agree with the analysis in *King* and its application of *G.C.* The trial court in this case lacked fundamental jurisdiction to act on defendant's motion to correct her allegedly unauthorized sentence, brought more than three years after sentencing, and, therefore, its order denying the motion is void and is not appealable.

Discussed next, we decline to construe defendant's appeal as a petition for writ of habeas corpus and shall dismiss this appeal for lack of jurisdiction. For this reason, we do not consider the merits of defendant's claims that she is entitled to relief from the prior prison term enhancement and from any remaining balance of the presentence report fee.

However, as the People argue, the Legislature has provided a specific statutory process for defendants who were sentenced prior to January 1, 2020, and are serving a sentence that includes a prior prison term enhancement under section 667.5, former subdivision (b). (§ 1172.75, subds. (b), (c); *People v. Burgess* (2022) 86 Cal.App.5th 375, 384.) Very recently, in *Burgess*, the Court of Appeal considered the defendant's in propria persona motion for relief from his prior prison term enhancement, brought 12 years after he was sentenced to 30 years in prison. (*Burgess, supra*, at pp. 378–379.) The court agreed with the analysis in *King* and concluded that because the trial court lacked jurisdiction to consider the defendant's motion, its ruling was not appealable. (*Burgess, supra*, at p. 382.) The court further concluded that the defendant's claim also failed on its merits because "section 1172.75 provides deadlines for the CDCR Secretary and the courts to comply with its provisions" (*ibid.*, citing § 1172.75, subd. (b)), and "simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion" (*id.* at p. 384).[10]

---

[10] The one-year prior prison term enhancement was imposed in defendant's first Stanislaus Superior Court case. In 2021, trial counsel expressed his understanding that defendant was being

11.

## II.     Request to Construe Appeal as Habeas Petition

In her reply brief, defendant requests that if we reject her claim of jurisdiction on direct appeal, we construe her appeal as a petition for writ of habeas corpus. We decline to do so.

First, as a matter of appellate principle, "'[i]t is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party.'" (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218–1219; accord, *People v. Silveria and Travis* (2020) 10 Cal.5th 195, 255.) Second, "'"habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."'" (*People v. Rodriguez* (2014) 58 Cal.4th 587, 654; accord, *People v. Kim* (2009) 45 Cal.4th 1078, 1099.)

Finally, although defendant's underlying motion was premised on imposition of an unauthorized sentence in the San Bernardino Superior Court case and she appealed the denial of her motion, the relief she now seeks on appeal does not concern that allegedly unauthorized sentence. "[A]vailability of the writ of habeas corpus is implemented by … section 1473, subdivision (a), which provides: 'Every person unlawfully *imprisoned or restrained* of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint.'" (*People v. Villa* (2009) 45 Cal.4th 1063, 1068.) A defendant seeking habeas relief must be in actual or constructive custody (*People v. Picklesimer, supra*, 48 Cal.4th at p. 339; accord, *People*

---

detained beyond her release date as a result of the erroneous consecutive sentence in the later San Bernardino Superior Court case. Appellate counsel represents that defendant has been released on parole, entitling her to application of excess credits, and during oral argument, he included relief from fines. It is not clear if, or to what extent, section 1172.75 affords defendant any relief from the prior prison term enhancement imposed in her 2014 Stanislaus County case, but we do not reach that issue given the absence of jurisdiction over this appeal.

*v. Villa, supra*, at pp. 1069–1070), and "'[b]ecause a petition for a writ of habeas corpus is a collateral attack on a presumptively final criminal judgment, "the petitioner bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them"'" (*In re Masters* (2019) 7 Cal.5th 1054, 1077; accord, *In re Manriquez* (2018) 5 Cal.5th 785, 796–797).

We recognize that defendant represents she is on parole, at least as of the time of briefing, and parole constitutes constructive custody. (*People v. Villa, supra*, 45 Cal.4th at pp. 1069–1070.) However, the circumstances attendant to her release on parole do not appear in the record, a point defendant's counsel acknowledged during oral argument. Critically, defendant does not claim her restraint is unlawful or that her restraint relates to the claims for relief she is pursuing in this appeal. Defendant bears the burden of pleading these matters and, on the present record, defendant fails to identify any special circumstances warranting treatment of this appeal as a petition for writ of habeas corpus. We acknowledge counsel's position, taken during oral argument, that it is in the interest of justice to treat this matter as one sounding in habeas to avoid further delay, but for the reasons set forth herein, the present appellate record would not suffice to demonstrate entitlement to relief.

Accordingly, we decline to construe defendant's appeal as a habeas petition.

## DISPOSITION

This appeal is dismissed for lack of jurisdiction.


MEEHAN, Acting P. J.

WE CONCUR:


SNAUFFER, J.


DeSANTOS, J.

14.